## LE ROY, Adm., v. MEADOWS et al.

No. 9889—Opinion Filed Sept. 13, 1921.

(Syllabus.)

1. Bills and Notes—Bona Fide Holders—Purchase of Series of Notes Partly Past Due.

In an action upon three promissory notes, all bearing the same date, one due in one, one in two, and one in three years, where there was evidence that the party became the holder of the notes after two of them were past due, under and by virtue of sections 4102, 4105, 4106, and 4109, Rev. Laws 1910, it was not error to refuse a requested instruction directing the jury to find for the plaintiff for the full amount of the three notes and interest thereon upon the theory that plaintiff was a bona fide holder.

2. Same — Defenses — Representations by Makers as Ground of Estoppel.

The general rule is, where a party executes a note and signs a statement or makes representations that the obligation is valid, and there is no defense to it, he is estopped to resist payment in an action by a person who has taken the paper relying on his representations, and he will be precluded from set-

ting up a defense which would have been good as between the original parties. However, to render this rule operative, the representations must be outside of the face of the obligation, and even though they are thus disconnected, if they are made simultaneously with the execution of the obligation, so that there is in effect but a single transaction, no estoppel will arise.

### 3. Same—Defense of Fraud—Sufficiency of Evidence—Purchase Price of Stallion.

In a suit on three promissory notes, there was some evidence to support the plea that the notes were obtained by fraud, in that the notes were given by defendants to Holbert in payment of the purchase price of a worthless stallion purchased from Holbert, and defendants were induced to sign the original notes by Holbert and Michael, one of the codefendants, upon whose honesty, good faith, and, judgment defendants relied, and believing that Michael was to share therein equally with them, and after the deal was closed, pursuant to a secret agreement between Holbert and Michael, the said Michael received pay for inducing his codefendants to execute said notes, thus making him the agent of Holbert, while presumed to be acting with his codefendants. Held sufficient to take the case to the jury on the ground of fraud.

Error from District Court, McClain County; F. B. Swank, Judge.

Action by A. R. LeRoy, administrator of estate of M. F. Le Roy, against C. F. Meadows and others on promissory notes. Judgment for defendants, and plaintiff brings error. Affirmed.

E. E. Glasco and Roy Glasco, for plaintiff in error.

Bowling & Farmer, for defendants in error.

McNEILL, J. This action was commenced in the district court of McClain county by A. R. LeRoy, administrator of the estate of M. F. LeRoy, against C. F. Meadows et al., to recover upon three promissory notes executed by the defendants to A. B. Holbert, who indorsed the same without recourse to M. F. LeRoy. The notes were given as part of the purchase price of a certain stallion. The defendants pleaded the notes were obtained by fraud, and also pleaded failure of consideration, in that the stallion was worthless for the purpose for which he was purchased. The case was tried to a jury, and a verdict returned in favor of the defendants. From said judgment, the plaintiff has appealed.

For reversal the plaintiff argues three propositions. First, that court erred in refusing to instruct the jury to return a verdict in favor of plaintiff and against the defendants, for the reason the uncontradicted testimony discloses that plaintiff was a bona fide holder of said notes in due course without notice.

Section 4102, Rev. Laws 1910, defines a holder in due course, and one of the conditions is that he became the holder before it was overdue. The three notes were executed on June 30, 1911; one for $400, due October 1, 1912; one for $1,000, due October 1, 1913; and one for $1,000, due October 1, 1914. The testimony regarding when the notes were transferred from Holbert to M. F. LeRoy is conflicting. Holbert and his bookkeeper testified they were transferred August 12, 1911, Elma D. Holbert, the wife of A. B. Holbert, testified she was present when the notes were sold to LeRoy on August 21, 1914. The evidence being conflicting as to when the notes were sold to LeRoy, and there being some evidence that two of them were transferred long after maturity; it was not error for the trial court to refuse to give a requested instruction directing the jury to return a verdict for the full amount of the three notes, and interest thereon, upon the theory that plaintiff was a bona fide holder.

The second proposition argued by plaintiff in error is that the court erred in refusing to instruct the jury to return a verdict in favor of the plaintiff for the reason the defendants were estopped by their signed statement to deny the notes were without consideration and were fraudulently obtained, or that the same had not been lawfully delivered, or that Holbert did not have the right to negotiate and transfer the same. The record disclosed that the notes were signed and delivered at the same time the defendants executed a receipt and the statement relied upon. No authorities are cited to support the contention of plaintiff in error, but the general rule regarding estoppel in this kind and character of transaction is announced in 21 Corpus Juris, 1144, in substance as follows: The general rule is, where a party executes a note and signs a statement or makes representations that the obligation is valid and there is no defense to said note, he is estopped to resist payment in an action by a person who has taken the paper relying on his representations, and he will be precluded from setting up a defense which would have been good as between the original parties. However, to render this rule operative, the representations must be outside of the face of the obligation, and even though they are thus disconnected, if they are made simultaneously with the execution of the obligation, so that there is, in effect, but a single transaction, no estoppel will arise.

It is next argued that the court erred in refusing to instruct the jury to return a verdict in favor of plaintiff and against the defendants because there was no evidence introduced or offered which would constitute a defense to said notes as against the original payee, A. B. Holbert. One of the defenses pleaded was that the notes were obtained by fraud. The fraud alleged was that A. B. Holbert, the original payee, had the stallion in his possession in the vicinity where the defendants resided and approached these defendants with a view of having them organize an association for the purchase of said stallion, and represented that the persons whose names appeared on the note, the defendants in this action, were contributing equally toward the purchase price of the stallion and were to own him jointly and in equal proportion; but that Holbert and Michael entered into a secret agreement whereby Holbert agreed to give Michael his share of the purchase price, or at least a portion thereof, in consideration of Michael inducing these defendants to enter into an association and executing the notes sued upon; that Holbert and Michael represented Michael was to share equally in the payment of the purchase price with the other defendants, but willfully concealed the secret agreement which had been entered into between Holbert and Michael, and the defendants believed that Michael was to pay his full proportion of the purchase price for said stallion, and with him formed an association and executed notes together with Michael, but in truth and in fact Michael did not contemplate paying his proportion of the purchase price, and it was understood between Michael and Holbert that he was not to do so; that for the purpose of concealing such fact, the notes were indorsed showing that a portion had been paid; that had the defendants known the conditions under which said association was formed, and known of the secret agreement between Michael and Holbert, these defendants would not have executed the notes sued upon with Michael for the purchase of the horse. It is unnecessary to set out the evidence, but it is sufficient to say there was evidence to justify submitting this question to the jury. That such acts and conduct upon the part of Holbert and Michael would be a fraud upon the other defend-

ants, is supported by the principle announced in the case of Gilpin v. Netograph Machine Company, 25 Okla. 408, 108 Pac. 382, where this court stated:

"It is impossible to read this record without being impressed that Ladd was simply acting as a decoy for Fryhofer as agent for defendant in error to get his copartners into this deal, whereby, unknown to any of them, his one-fifth interest in the property should cost him nothing. Any such trick as that is a fraud. The representation by Fryhofer and Ladd, as an inducement to defendant to purchase, that Ladd, whom the defendant regarded highly for his honesty, good faith and judgment, had agreed to likewise purchase on the same terms, without disclosing the fact that Ladd's interest in the machine was to be given him as a gratuity for securing the defendant and others to purchase, was such a fraud as will entitle defendant to defeat a recovery on the notes sued upon."

See Noble v. Fox, 35 Okla. 70, 128 Pac. 102.

The Supreme Court of Iowa, in the case of City National Bank of Columbus, Ohio, v. Jordan, 117 N. W. 758, stated as follows:

"Several persons formed an informal association for the purchase of a horse. The seller did not offer to sell any interest in the horse, except on condition that enough buyers were formed to take the entire ownership. When the required number was found, the entire title was transferred, and all the buyers united in a note for the price. The seller made false representations to some of the buyers which induced the purchase. Held, that the note was a joint contract, on which all the buyers were liable, either as principal makers or as sureties for their comakers, and in either case the false representations were a good defense to an action on the note, in the hands of any person charged with notice."

No complaint is made regarding the instruction given, and there being sufficient evidence in the record to submit to the jury the question of whether the plaintiff was a bona fide purchaser of said notes before maturity, and whether the notes were obtained by fraud, the finding of the jury will not be disturbed on appeal.

The judgment of the trial court is affirmed.

HARRISON, C. J., and JOHNSON, ELTING, KENNAMER, and NICHOLSON, JJ., concur.